## DESHON & AL. *vs.* EATON.

To take a case out of the statute of limitations, there must be an admission of present indebtedness, or a promise to pay, absolute or conditional ; and if conditional, it must appear that the condition, upon which the promise was to attach, has happened.

THIS was an action of *assumpsit* against *Tristram Eaton*, the maker of a promissory note dated *April* 12, 1815, payable to his brother *Humphrey W. Eaton*, and by him indorsed to the plaintiffs. It was tried upon the plea of the statute of limitations.

To take the case out of the statute, the plaintiffs proved by *Edmund Coffin*, the officer who served the writ, that at the time of service the defendant told him that he had been sued once before, upon the same demand ; that he had been down several times to settle with his brother *Humphrey*, and wished to cancel the note by an offset of the demands he had against *Humphrey* ; but that the latter was not ready to make a settlement. It also appeared that the defendant, about two years ago, informed *Charles Coffin* Esq. a counsellor of this court, that his brother *Humphrey* had sued him ; but he thought the action would not be entered ; as he knew some transactions relative to his brother's conduct in a store, which he should or could expose, if he persisted in carrying on the suit.

The sufficiency of this evidence to prove a new promise, was reserved for the consideration of the court, by *Weston J.* before whom the cause was tried ; a verdict being returned, by consent, for the plaintiff, subject to the decision of that question by the court.

*W. Burleigh* and *D. Goodenow*, for the defendant, contended that the evidence, upon the largest construction, was but a qualified admission of a debt ; which is not sufficient to take a case out of the statute. 2 *Serg. & Lowb.* 270. 11 *Wheat.* 309, 316 *note.* Nothing is now held to do this, short of an unconditional acknowledgement of present indebtedness. *Clements v. Williams* 8 *Cranch.* 72. 2 *Stark. Ev.* 893, 895. *Bangs v. Hall* 2

Deshon *v.* Eaton.

*Pick.* 374. *Brown v. Campbell* 1 *Serg. & Rawle* 176. 9 *Serg. & Rawle* 128. 1 *Moor* 240. *Hellings v. Shaw Thornt.* 608. *Ward v. Hunter* 1 *Serg. & Lowb.* 359.

*E. Shepley*, for the plaintiffs, insisted that in the conversation with *Edmund Coffin*, the defendant explicitly acknowledged his liability to pay the debt ; the only question being made upon the mode of payment ; which he had desired to accomplish in a particular manner. It was evidently upon this latter topic that his mind was employed ; his original and continued responsibility upon the note being plainly conceded.

Weston J. delivered the opinion of the court.

The result of the most approved modern decisions, as to what declarations or admissions will take a case out of the operation of the statute of limitations is, that there must be an admission of present indebtedness, or a promise to pay, absolute or conditional ; and if conditional, it must appear that the condition, upon which the promise was to attach, has happened. The authorities upon this point were reviewed and considered in *Perley v. Little*, 3 *Greenl.* 94 ; and more recent cases, in the Supreme Court of the United States and of Massachusetts, fully warrant the deduction, just stated.

It cannot be pretended in this case, that there is any proof of a promise to pay, absolute or conditional. When the defendant was sued upon this note, by his brother the payee, he told *Charles Coffin*, Esq. the witness, that he did not think his brother would enter the action, or persist in the suit, as he knew, and could expose, certain transactions of his in a store. Whether these transactions furnished any defence to the note, upon the merits, or whether they were to be made use of, *in terrorem*, to procure a suppression of the suit, does, not appear. If the latter, there might be some ground to infer that the note was unpaid ; but not necessarily or conclusively ; as the defendant might be satisfied that the suggestion made would answer his purpose, and that he had no occasion to disclose any defence. But in whatever

point of view this declaration may be considered, it certainly falls short of an admission that the note was due. Still less is this deduction to be drawn from what the defendant said to the deponent, *Edmund Coffin*. He stated that he had been sued once before upon the same demand, and that he had attempted several times to settle with his brother, the payee, but he was not ready. This does not admit that, upon a settlement, he would have been found indebted to his brother ; and the deponent adds that he further stated that he expected to settle the note, by offsetting other demands, which he held against the payee. These opposing demands might have been for services done, articles delivered, or monies paid, under an expectation on both sides that, upon a settlement, they were to be applied to the payment of the note, of which it appears that the payee was the holder, and had commenced a suit upon it, long after it became due. The declarations therefore, made by the defendant to the deponent, are so far from admitting an existing debt, that they imply that it was fairly and equitably extinguished.

For these reasons, the opinion of the court is, that the note in question is barred by the statute of limitations.